## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **BARRY SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | 2:22-CV-134-RWS |
| **SANDY COPPAGE,** | ) | |
| **PHILLIP COPPAGE and** | ) | |
| **AIRBNB, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Barry Smith and files this Complaint, and shows the Court the following:

### PARTIES, JURISDICTION AND VENUE

#### 1.

Plaintiff Barry Smith is a citizen of the United States with domiciliary in the State of Florida and was at all times relevant. Plaintiff avails himself of the jurisdiction of this court.

#### 2.

At all relevant times hereto, Defendants Sandy Coppage and Phillip Coppage owned, managed, and/or maintained premise located at 2363 Hidden Valley, Road Hiawassee, Georgia (the "Premises"), for short-term rental purposes. Defendants

may be served personally at 19 Christmas Tree Lane, Highlands, North Carolina
28741.

3.

Defendant Airbnb, Inc. ("Airbnb") is a foreign for-profit corporation
organized under the laws of the State of California and with its principal place of
business in the State of California. Defendant Airbnb, Inc. may be served with the
Summons and a copy of the Complaint by and through its registered agent for service
of process, CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite
150N, Sacramento, California 95833.

4.

The amount of damages Plaintiff is seeking in this matter, exclusive of
attorneys' fees and costs, is greater than Seventy-Five Thousand Dollars and No
Cents ($75,000.00).

5.

The incident which resulted in severe injuries to Plaintiff occurred at the
Premises.

6.

Complete diversity exists between the Plaintiff and the Defendants, and the
amount in controversy exceeds $75,000. Thus, venue and jurisdiction are proper in
this Court.

**OPERATIVE FACTS**

7.

Plaintiff incorporates Paragraphs 1 through 6 of this Complaint into Paragraph 7 as if fully set forth herein.

8.

Defendant Airbnb operates a business through which it partners with homeowners ("Hosts") to make properties throughout the world available for rent to Guests who submit payment to Defendant Airbnb. Defendant Airbnb and its Hosts share the payments collected from Guests.

9.

Defendant Airbnb works with its Hosts to market the Hosts' properties, to locate Guests, to screen Guests, and to collect payment from Guests.

10.

Defendant Airbnb and its Hosts mutually agree to comply with certain rules and procedures for one another's benefit.

11.

Defendant Sandy Coppage and Phillip Coppage were Airbnb's Hosts.

12.

At all times relevant hereto, Defendants Sandy Coppage and Phillip Coppage owned, occupied, managed and/or maintained the Premises.

3

13.

At all times relevant hereto, Defendant Airbnb managed and/or maintained the Premises.

14.

On June 14, 2021, Plaintiff was a business invitee of Defendants and was present on the Premises.

15.

While on the Premises, Plaintiff was severely injured while utilizing an amenity offered at the Premises, namely, a recreational swing suspended from a tree branch, installed and maintained by Defendants, and placed in use for the purpose of enticing business invitees to utilize the amenity. While being used by Plaintiff, the tree branch supporting the tree swing broke, causing Plaintiff to violently fall to the ground, resulting in Plaintiff's left leg, knee, and back being severely injured.

**PREMISES LIABILITY**

16.

Plaintiff incorporates Paragraphs 1 through 15 of this Complaint into Paragraph 16 as if fully set forth herein.

17.

As owners of the Premises where Plaintiff was injured, and as the individuals responsible for the Premises' proper maintenance, Defendants Sandy Coppage and

Phillip Coppage had a duty to exercise ordinary and reasonable care in keeping the Premises safe.

18.

The business amenity offered by Defendants, namely, the "tree swing" referenced here, was an unreasonably dangerous condition on the Premises because the tree limb to which it was anchored was fragile, rotten, or otherwise incapable of supporting any meaningful weight load.

19.

At all times mentioned herein, Defendants had exclusive control and management of said Premises.

20.

Defendants had the legal duty to keep their premises safe, consistent with due regard to the safety of their invitees, including Plaintiff.

21.

Defendants negligently maintained the premises and neglected to remove, repair or correct the dangerous condition.

22.

Defendants' negligence created an unreasonable risk of injury to their invitees, including Plaintiff.

23.

Defendants knew, or if they had exercised due care to ensure the safety of their invitees, should have known, of the dangerous, defective, and/or hazardous condition existing on the Premises.

24.

Defendants knew, or if they had exercised due care to ensure the safety of their invitees, including Plaintiff, should have known, that their choice not to properly maintain, inspect, treat, repair, correct, or remove the dangerous condition described herein was likely to result in injuries of the type suffered by Plaintiff.

25.

Defendants should have reasonably foreseen that a person sitting on the aforementioned tree swing could be injured, due the condition of the tree and tree branch supporting the swing.

26.

The dangerous condition described herein had existed for such a length of time that Defendants should have known of it and the likelihood of injury to their guests.

27.

Although Defendants knew, or in the exercise of reasonable care should have known, of the risks of injuries to their invitees from said defective and hazardous

condition existing on their premises, they did not take reasonable precautions to warn or otherwise guard against the said condition(s), and failed to protect their invitees therefrom, including Plaintiff.

28.

Defendants were negligent and their negligence proximately caused Plaintiff's injuries.

29.

At all times relative to this incident, Plaintiff exercised ordinary care and diligence.

30.

Plaintiff's conduct when using the tree swing was reasonable.

31.

Prior to the fall, Plaintiff had no constructive or actual knowledge of the hazard.

## INJURIES AND DAMAGES

32.

Plaintiff incorporates Paragraphs 1 through 27 of this Complaint into Paragraph 32 as if fully set forth herein.

33.

As a direct and proximate result of the negligence of Defendants, Plaintiff suffered a badly fractured tibia, and severe knee injury, and other injuries.

34.

As a direct and proximate result of Defendants' negligence, Plaintiff incurred medical and other expenses, in an amount exceeding $100,000.00.

35.

As a direct and proximate result of Defendants' negligence, Plaintiff has suffered permanent physical injury and disfigurement, past and future pain and suffering, the loss of business income and future business opportunities, and severe mental pain and anguish and emotional distress.

**WHEREFORE**, Plaintiff prays that:

(a)    That process and summons issue requiring Defendants to appear as provided by law and to answer the allegations of this Complaint;

(b)    A trial by jury;

(c)    Recovery for his past and future physical pain and suffering;

(d)    Recovery for his past and future mental and emotional pain and suffering;

(e)     Recovery for present, and future medical, hospital, lost wages, loss of earning capacity and loss of business opportunity, and other items of special damage based on proof;

(f)     That all costs be cast against Defendants;

(g)     For such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 12th day of July 2022

/s/ *Isaiah K. Floyd*_____
Isaiah K. Floyd, Esq. (GA. Bar No. 513523)
ROLFES HENRY CO., LPA
5577 Broadcast Court
Sarasota, Florida  34240
T:  (941) 684-0100
F:  (941) 684-0109
E:  ifloyd@rolfeshenry.com
E:  sburns@rolfeshenry.com

*Attorney for Plaintiff*
*Barry Smith*